COMEGYS and PERSHOUSE v. COX and HARRIS.

The principal in a bond for writ of error, without the assent of his securities, agrees with the adverse party, tha' the judgement shall be affirmed; that he will deliver endorsed bills for the amount, p: yable by instalments, and that no execution shall be levied, but in the event of nonpaymcnt of the bills. The securities are discharged.

JUDGE CRENSHAW delivered the opinion of the Court.

COMEGYS and PERSHOUSE at September term, 1821, of Madison Circuit Court, recovered a judgement against Garner. He took a writ of error on the 25th January, 1823, and gave the present defendants as his securities in the bond for the writ of error, and the judgement was affirmed at the June term, 1823, of this Court. To a *scire facias* on this bond, they pleaded in bar, that after they had become securities, and without their knowledge or consent, the plaintiffs and Garner on the 30th of May, 1823, agreed that the judgement should be affirmed by the Supreme Court; that by the 10th of August ensuing, he should draw and deliver to the agent of the plaintiffs, bills endorsed by Cox and Harris, and payable in the years 1825 and 1826, for the amount of the judgement, and that no execution should be levied on Garner's property, nor process issue against Cox and Harris, but in the event of the non payment of the bills. To this plea, the plaintiffs demurred. The Circuit Court gave judgement for the defendants, and the plaintiffs thereon prosecute this writ of error.

We are of opinion that the plaintiffs by postponing the levy f execution till the 10th of August, a day beyond the time at which, by the course of proceedings of the Court, the execution could have been issued and levied, suspended their remedy against Garner, and thereby destroyed the liability of his securities.   During this time of suspension, he may have become insolvent, or may have placed his property out of the reach of the law. Any new contract between the principal debtor and the cred tor, extending the time of payment or suspending the remedy, without the knowledge and consent of the security, operates as a legal discharge of the security.

JULY 1827.

Comegys and
Pershouse
v.
Cox and Harris.

It is not necessary in this case to decide whether the agreement, that the judgement should be affirmed, destroyed the liability of the securities.   We are strongly inclined to think that it did not.

It has been suggested that the judgement here ought not finally to determine the cause, but that it should be remanded to the Circuit Court.   We can see no object in remanding, unless it be to give the plaintiffs an opportunity of replying to the plea in bar.   To effect this, they should have asked leave in the Court below when the judgement was given on the demurrer.   In neglecting to do so, they have waived the right, and it would be singular if we were to affirm the judgement, and remand the cause for this purpose.   It is the unanimous opinion of the Court that the judgement be affirmed. .

The CHIEF JUSTICE not sitting.